IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

**Plaintiff:**

**JEANNE WAGNER, as heir at law of NATHAN WESLEY CARR**

v.

**Defendants:**

**PINNACLE HEALTH FACILITIES XVI, LP, a Texas Limited Partnership, d/b/a WOODRIDGE TERRACE NURSING AND REHABILITATION**

---

**NOTICE OF REMOVAL**

---

In accordance with 28 U.S.C. § 1441 and 1446, *et seq.*, Defendant Pinnacle Health Facilities XVI, LP, d/b/a Woodridge Terrace Nursing and Rehabilitation ("Woodridge Terrace"), files this Notice of Removal of the above-captioned matter to the U.S. District Court for the District of Colorado from Adams County District Court, State of Colorado, where the matter is now pending. In support of its Notice of Removal, Woodridge Terrace states as follows:

1.  On October 11, 2017, Plaintiff commenced this action in Adams County District Court, State of Colorado, Case No. 2017CV31629. Adams County District Court is within the judicial district of this Court.

2.  In her Complaint, attached as Exhibit A, Plaintiff alleges that Nathan Carr died on January 4, 2017 because of the alleged negligent acts and omissions of employees of Woodridge Terrace. (Exhibit A, ¶ 27.)

3. Per the Return of Service, attached as Exhibit B, Woodridge Terrace was served process on October 13, 2017.

4. Plaintiff filed a Civil Cover Sheet, attached as Exhibit C, denoting that "[t]his case is not governed by C.R.C.P. 16.1 because ... [a] monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought."

5. The Tenth Circuit recently clarified that Colorado's civil cover sheet qualifies as an "other paper" putting defendant on notice "that the amount in controversy exceeded $75,000." *Paros Prop. L.L.C. v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016). Plaintiff also alleges the damages claimed in this matter exceed $100,000 in the jury demand contained in her Complaint. (Exhibit A, p. 4.) *See* 28 U.S.C. § 1446(c)(2) (stating that "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" where removal is sought pursuant to section 1332(a)); *see also Paros Prop.*, 835 F.3d at 1269 (federal jurisdictional amount can be derived from, among other things, specific allegation of damages in the complaint).

6. Thus, the amount in controversy in this matter exceeds $75,000, as required for diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446.

7. As a resident of Woodridge Terrace, Nathan Carr was domiciled in Colorado at all times relevant to Plaintiff's Complaint. (Exhibit A, ¶ 2.) Although Plaintiff did not specify her state of residence in her Complaint, pursuant to 28 U.S.C. § 1332(c)(2), she is deemed a citizen of Colorado because she is the legal representative of the estate of the decedent.

8. No member of Defendant Woodridge Terrace's unincorporated association is a citizen of Colorado. *Carden v. Arkoma Associates*, 494 U.S. 185 (1990). (Affidavit of Bob Riek, Exhibit D, ¶ 4.)

9. Thus, complete diversity exists in this matter as required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10. Pursuant to 28 U.S.C. 1446(a), all process, pleadings, and orders that have been filed and provided to Defendant in the state court action are attached as Exhibits A, B, C, E, F and G. (A - Complaint, B – Return of Service, C – Civil Cover Sheet, E – Summons, F – Motion for Extension of Time to File a Responsive Pleading, and G – Order Granting Motion for Extension of Time).

11. Concurrent with filing this Notice of Removal, Woodridge Terrace is giving written notice of the filing of this Notice of Removal to Plaintiff, and is filing a copy of the Notice of Removal with the clerk of the Adams County District Court, State of Colorado, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Woodridge Terrace removes this matter from the Adams County District Court, State of Colorado, to this Court for trial and determination.

Respectfully submitted this 10th day of November, 2017.

CAPLAN AND EARNEST LLC

s/*Laura M. Wassmuth*
Laura M. Wassmuth, #26292
Justin H. Miller, #49981
CAPLAN AND EARNEST LLC
*Attorneys for Defendant*
1800 Broadway, Suite 200
Boulder, CO 80302-5289
Phone 303-443-8010
Fax 303- 440-3967
lwassmuth@celaw.com
jmiller@celaw.com

## CERTIFICATE OF SERVICE

This is to certify that on the 10th day of November, 2017, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing the to the following e-mail addresses:

Jerome M. Reinan, #22031
LAW OFFICES OF J.M. REINAN, P.C.
1437 High Street
Denver, CO 80218
jreinan@reinanlaw.com

Jordana Griff Gingrass, #38195
LAW OFFICES OF J.M. REINAN, P.C.
1437 High Street
Denver, CO 80218
jgingrass@reinanlaw.com

Jeremy I. Pollack, #45266
LAW OFFICES OF J.M. REINAN, P.C.
1437 High Street
Denver, CO 80218
jpollack@reinanlaw.com

                                                                 s/ *Kathi Donahue*
                                                                  Kathi Donahue, Paralegal

4844-5095-5347, v. 1